# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO



UNITED STATES OF AMERICA,

V.



JOHN HOLDAWAY and KEVIN KYES,

DEFENDANT(S).

## INDICTMENT

Title 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1956(h) – Conspiracy to Engage in Monetary Transactions in Property Derived from SUA; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from SUA; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

A true bill.

_____ Foreman

Filed in open court this  14th  day of  June, 2016.

_____ Clerk

Bail, $  no bail warrant for both defendants

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

---- OFFENSE CHARGED ----

18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1956(h) – Conspiracy to Engage in Monetary Transactions in Property Derived from SUA; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from SUA; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED FOR PENALTIES

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
JUN 1 4 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S ----
▶ JOHN HOLDAWAY

DISTRICT COURT NUMBER
CR16 0250

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court
_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District
_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. }
_____

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. }

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
_____

Name and Office of Person Furnishing Information on this form   BRIAN STRETCH
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Benjamin Kingsley

---- DEFENDANT ----

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)
_____

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
_____

Has detainer been filed?  ☐ Yes  ☐ No } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: no bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
_____

Date/Time: _____    Before Judge: _____

Comments:

PENALTY SHEET ATTACHMENT

CR16   .0250

Count One

    18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud
    Maximum penalties:  20 years of imprisonment (18 U.S.C. § 1343)
                                  $250,000 fine or twice gross gain or loss (18 U.S.C. § 3571(b)(3))
                                  3 years of supervised release (18 U.S.C. § 3583(b)(2))
                                  $100 special assessment (18 U.S.C. § 3013)

FILED

JUN 14 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFOR

Counts Two through Nineteen:

    18 U.S.C. § 1343 – Wire Fraud

    Maximum penalties:  20 years of imprisonment (18 U.S.C. § 1343)
                                  $250,000 fine or twice gross gain or loss (18 U.S.C. § 3571(b)(3))
                                  3 years of supervised release (18 U.S.C. § 3583(b)(2))
                                  $100 special assessment (18 U.S.C. § 3013)

Count Twenty:

    18 U.S.C. § 1956(h) – Conspiracy to Engage in Monetary Transactions in Property Derived from Specified Unlawful Activity

    Maximum penalties:  10 years of imprisonment (18 U.S.C. §§ 1956(h), 1957(b)(1))
                                  $250,000 fine or twice value of criminally derived property
                                        involved in transaction (18 U.S.C. §§ 1957(b)(2) 3571(b)(3))
                                  3 years of supervised release (18 U.S.C. § 3583(b)(2))
                                  $100 special assessment (18 U.S.C. § 3013)

Counts Twenty-One through Twenty-Five:

    18 U.S.C. § 1957 – Engaging in Monetary Transactions
                    in Property Derived from Specified Unlawful Activity

    Maximum penalties:  10 years of imprisonment (18 U.S.C. § 1957(b)(1))
                                  $250,000 fine or twice value of criminally derived property
                                        involved in transaction (18 U.S.C. §§ 1957(b)(2) 3571(b)(3))
                                  3 years of supervised release (18 U.S.C. § 3583(b)(2))
                                  $100 special assessment (18 U.S.C. § 3013)

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1956(h) – Conspiracy to Engage in Monetary Transactions in Property Derived from SUA; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from SUA; 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) – Criminal Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED FOR PENALTIES

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

FILED
JUN 14 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**
▶ KEVIN KYES

DISTRICT COURT NUMBER
**CR16   0250**

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____   NIA
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District) [redacted]

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction     ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution ____

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed ____

DATE OF ARREST ▶ Month/Day/Year ____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year ____

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court ____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District ____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
SHOW DOCKET NO. ____

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. ____

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ____

Name and Office of Person Furnishing Information on this form   BRIAN STRETCH
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Benjamin Kingsley

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: no bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:
____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: ____     Before Judge: ____

Comments:

FILED
JUN 1 4 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CR16    0250    SI

## PENALTY SHEET ATTACHMENT

Count One

   18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud
   Maximum penalties:  20 years of imprisonment (18 U.S.C. § 1343)
                       $250,000 fine or twice gross gain or loss (18 U.S.C. § 3571(b)(3))
                       3 years of supervised release (18 U.S.C. § 3583(b)(2))
                       $100 special assessment (18 U.S.C. § 3013)

Counts Two through Nineteen:

   18 U.S.C. § 1343 – Wire Fraud

   Maximum penalties:  20 years of imprisonment (18 U.S.C. § 1343)
                       $250,000 fine or twice gross gain or loss (18 U.S.C. § 3571(b)(3))
                       3 years of supervised release (18 U.S.C. § 3583(b)(2))
                       $100 special assessment (18 U.S.C. § 3013)

Count Twenty:

   18 U.S.C. § 1956(h) – Conspiracy to Engage in Monetary Transactions in Property Derived from Specified Unlawful Activity

   Maximum penalties:  10 years of imprisonment (18 U.S.C. §§ 1956(h), 1957(b)(1))
                       $250,000 fine or twice value of criminally derived property
                          involved in transaction (18 U.S.C. §§ 1957(b)(2) 3571(b)(3))
                       3 years of supervised release (18 U.S.C. § 3583(b)(2))
                       $100 special assessment (18 U.S.C. § 3013)

Counts Twenty-One through Twenty-Five:

   18 U.S.C. § 1957 – Engaging in Monetary Transactions
         in Property Derived from Specified Unlawful Activity

   Maximum penalties:  10 years of imprisonment (18 U.S.C. § 1957(b)(1))
                       $250,000 fine or twice value of criminally derived property
                          involved in transaction (18 U.S.C. §§ 1957(b)(2) 3571(b)(3))
                       3 years of supervised release (18 U.S.C. § 3583(b)(2))
                       $100 special assessment (18 U.S.C. § 3013)

|  |  |
|---|---|
| 1 | BRIAN J. STRETCH (CABN 163973)<br>United States Attorney |
| 2 |  |



FILED

JUN 14 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION



| UNITED STATES OF AMERICA, | ) CASE NO. CR16  0250 |
|---|---|
| Plaintiff, | ) |
| v. | ) VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1956(h) – Conspiracy to Engage in Monetary Transactions in Property Derived from Specified Unlawful Activity; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. §§ 981(a)(1)(C), 982 & 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| JOHN HOLDAWAY and KEVIN KYES, | |
| Defendants. | |
|  | ) SAN FRANCISCO VENUE |

## INDICTMENT

The Grand Jury charges:

<u>Introductory Allegations</u>

At all times relevant to this Indictment:

1.  Defendant John HOLDAWAY resided in Utah. HOLDAWAY traveled frequently to the Northern District of California, including to San Francisco, Marin County, and Napa County.

2.  Defendant Kevin KYES resided in the Northern District of California.

3.  Wells Fargo Bank, Ally Bank, and Chase Bank were financial institutions, as that term is defined in Title 31, United States Code, Section 5312, the deposits of which were insured by the Federal

INDICTMENT

Deposit Insurance Corporation.

4. "Money Management Strength" ("MM Strength") was a Japanese corporation. MM Strength maintained a bank account in Japan. HOLDAWAY and KYES controlled a group of entities with various names that, collectively, they referred to as "Money Management Strategies" ("MMS").

5. "MMS Fund, LLC" ("MMS Fund"), "MMS Fund Star, LLC" ("MMS Fund Star"), "Old Peach, LLC" ("Old Peach"), and "Universal Bridge Academia, LLC" ("UBA") (hereinafter referred to collectively as the "MMS Fund Entities") were Nevada corporations established by KYES and F.F. at the direction of HOLDAWAY, with their principal places of businesses located in the Northern District of California. Each of these four entities maintained a bank account at Wells Fargo. KYES and F.F. were listed as signatories on these bank accounts, and HOLDAWAY and KYES directed transactions on these accounts. The MMS Fund account at Wells Fargo had an account number ending in -7954. The MMS Fund Star account at Wells Fargo had an account number ending in -6357.

6. HOLDAWAY maintained a bank account at Chase Bank with an account number ending in -6168. HOLDAWAY also maintained a bank account at Ally Bank with an account number ending in -9880.

7. KYES and HOLDAWAY maintained various other business accounts at Wells Fargo, including an account in the name of "The Money Management Systems" ("MM Systems"). The MM Systems account at Wells Fargo had an account number ending in -0385.

### The Scheme to Defraud

8. Beginning at a date unknown, but no later than December 2012, and continuing through a date unknown, but to at least July 2015, HOLDAWAY and KYES knowingly devised, intended to devise, and carried out a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts, which scheme is described further below.

9. As part of the scheme to defraud, HOLDAWAY and KYES offered investors the opportunity to invest in MMS or associated entities, with the promise that HOLDAWAY, KYES, or MMS would invest that money. These investors included, but were not limited to, a group of investors in Japan, led by M.H. and R.K. Based on the representations of HOLDAWAY and KYES, M.H., R.K.,

INDICTMENT 2

and other investors wired or otherwise transferred money to the bank accounts of the MMS Fund Entities in the Northern District of California. Some of this money was wired directly by individuals. Other money was pooled and then wired from the bank account of Money Management Strength in Japan.

10. As further part of the scheme to defraud, in order to induce investors to send them money, HOLDAWAY and KYES falsely represented to investors that their money would fund various investments in currency- or derivatives-trading investments and would earn high rates of return. HOLDAWAY and KYES also falsely represented that they had historically achieved such high rates of return from this kind of trading before, and that they had access to proprietary trading programs that allowed for such high rates of return.

11. As further part of the scheme to defraud, in order to induce investors to send them money, HOLDAWAY and KYES falsely represented to investors that their principal investments would be safe and that the investors could not lose money from their investments. As part of these false representations, HOLDAWAY and KYES falsely represented that the principal would be used solely to fund lines of credit for trading and would not be invested directly; that the principal would remain "blocked" in the accounts of the four MMS Fund Entities and would not be moved or used; and that any losses from trading would be incurred by MMS, and not by the investors themselves.

12. As a result of these and other false representations and omissions, HOLDAWAY and KYES convinced investors to invest substantial sums of money with them. Specifically, HOLDAWAY and KYES convinced the Japanese investors alone to invest approximately $7 million with MMS and the MMS Fund Entities.

13. HOLDAWAY and KYES did not invest investors' money for the stated purpose, nor did they keep the money safely "blocked" in the MMS Fund Entities' accounts as promised. Instead, under false pretenses, HOLDAWAY and KYES, among other things, spent the money themselves; used the money to fund lulling payments to investors to make investors believe that their money was invested as promised and that the investments were profitable, and to convince other investors to invest; spent the money on various gold-related businesses; used the money to make payments on a civil settlement against both HOLDAWAY and KYES that related to a prior investment program that they had run; and

INDICTMENT 3

used the money to pay back prior investors from other investment programs. HOLDAWAY and KYES omitted to inform investors that their money would be spent in these ways.

14. As a further part of the scheme to defraud, to lull investors into believing that their money was safe and that the investments were successfully proceeding as promised, and to encourage further investments from the same or additional investors, HOLDAWAY and KYES emailed fraudulent account statements to the investors. These statements falsely represented that investors' principal was safe and that the funds being paid to investors were the profits of trading activity. In reality, there were no such trading profits, and the money returned to investors was solely the return of the investors' principal. In some instances, HOLDAWAY and KYES also emailed to investors forged letters from an accountant that falsely stated that the information in the account statements was accurate. As a result of these fraudulent statements and other material misrepresentations and omissions made by HOLDAWAY and KYES, investors believed that they were receiving the promised returns and thus invested further or recruited others to invest.

15. HOLDAWAY and KYES concealed and hid, and caused to be concealed and hidden, the acts done and the purpose of the acts done in furtherance of the scheme, in part by:

    a) falsely telling investors that their money had been invested, when it had not been, and that their principal was safe, when it was not;

    b) sending lulling payments to investors, as explained above;

    c) moving money around through various bank accounts to conceal the origin of the lulling payments to investors;

    d) sending fraudulent account statements and accountant letters to investors, as explained above;

    e) falsely telling investors that their money was secured by gold investments, when it was not;

    f) sending emails to investors under fake names, to give the appearance that multiple people worked for HOLDAWAY and KYES;

    g) falsely stating that HOLDAWAY was traveling, including in Europe or to gold mining sites, to work on the investments or on the security of the investments, when he

INDICTMENT      4

was not; and

h) falsely stating that HOLDAWAY was busy, out of cellular service, incapacitated, or otherwise unreachable or unable to travel to meet with investors, when he was not.

COUNT ONE: (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

16. The factual allegations of Paragraphs 1 through 15 are re-alleged and incorporated as if fully set forth here.

17. Beginning at a date unknown, but no later than December 2012, and continuing through a date unknown, but to at least July 2015, in the Northern District of California and elsewhere, the defendants,

JOHN HOLDAWAY and
KEVIN KYES,

did knowingly conspire to devise and intend to devise a material scheme and artifice to defraud, and to obtain money and property from victims by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts, and, for the purpose of executing such scheme and artifice to defraud, did knowingly conspire to transmit and cause the transmission of wire communications in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH NINETEEN: (18 U.S.C. §§ 1343 and 2 – Wire Fraud and Aiding and Abetting)

18. The factual allegations of Paragraphs 1 through 15 are re-alleged and incorporated as if fully set forth here.

19. Beginning at a date unknown, but no later than December 2012, and continuing through a date unknown, but to at least July 2015, in the Northern District of California and elsewhere, the defendants,

JOHN HOLDAWAY and
KEVIN KYES,

did knowingly and with the intent to defraud devise and execute, and attempt to execute, a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions and concealment of material facts.

INDICTMENT                                                  5

Execution of the Scheme

20. On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, for the purpose of executing the scheme and artifice referred to above, and attempting to do so, the defendants did knowingly transmit and cause to be transmitted the following writings, signs, signals, pictures, and sounds in interstate and foreign commerce by means of wire communications:

| Count | Date | Item Wired |
|---|---|---|
| 2 | 6/28/2013 | Wire transfer of $25,103 from MM Strength to MMS Fund |
| 3 | 7/23/2013 | Email from HOLDAWAY to KYES discussing letters from "Raj and Dan" and stating, "The 'Schmidt' letter would then provide a fairly significant back-up to the above." |
| 4 | 8/29/2013 | Email from HOLDAWAY to KYES stating, "Kevin, as we discussed on the phone a little while ago, the amount owed Hara is 63,465..." |
| 5 | 8/29/2013 | Wire transfer of $50,000 from MM Strength to MMS Fund |
| 6 | 11/1/2013 | Email from HOLDAWAY to KYES stating, "I'm estimating the cost for tomorrow somewhere around 1200 to 1500, depending on consumption of rum. Nice of Hara to send the money to cover it." |
| 7 | 11/12/2013 | Wire transfer of $300,000 from MM Strength to MMS Fund |
| 8 | 2/21/2014 | Email from KYES to HOLDAWAY stating, "an example of your typical creativity and genius...." |
| 9 | 2/24/2014 | Wire transfer of $400,000 from S.K. to UBA |
| 10 | 2/25/2014 | Email from KYES to HOLDAWAY stating, "Is that approximately $240,000 of bonus? It seems a bit excessive...." |
| 11 | 2/28/2014 | Wire transfer of $330,000 from MM Strength to MMS Fund Star |
| 12 | 3/24/2014 | Wire transfer of $210,000 from S.T. to Old Peach |
| 13 | 4/1/2014 | Wire transfer of $182,344 from MM Strength to MMS Fund Star |
| 14 | 4/18/2014 | Email from HOLDAWAY to KYES discussing plan to tell investors about HOLDAWAY's "collapse" in Spain |
| 15 | 4/19/2014 | Email from "Paula" to R.K. discussing HOLDAWAY's "collapse" in Spain |
| 16 | 6/5/2014 | Email from HOLDAWAY to M.H. and R.K. stating, "I am in Utah and Nevada the last few days at the gold ore sites..." |
| 17 | 7/9/2014 | Wire transfer of $75,000 from MM Strength to MMS Fund Star |
| 18 | 9/26/2014 | Email from HOLDAWAY to M.H. and R.K. stating, "I've been up at the site and will stay here through the weekend...." |
| 19 | 10/16/2014 | Wire transfer of $7,500 from Old Peach to HOLDAWAY's Ally Bank account |

Each in violation of Title 18, United States Code, Section 1343.

COUNT TWENTY:   (18 U.S.C. § 1956(h) – Conspiracy to Engage in Monetary Transactions in Property Derived from Specified Unlawful Activity)

21. The factual allegations of Paragraphs 1 through 15 are re-alleged and incorporated as if fully set forth here.

INDICTMENT                                                6

22. Beginning at a date unknown, but no later than December 2012, and continuing through a date unknown, but to at least October 2014, in the Northern District of California and elsewhere, the defendants,

JOHN HOLDAWAY and
KEVIN KYES,

did knowingly conspire to engage in a monetary transaction by and through a financial institution, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

COUNTS TWENTY-ONE THROUGH TWENTY-FIVE:   (18 U.S.C. §§ 1957 and 2 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity and Aiding and Abetting)

23. The factual allegations of Paragraphs 1 through 15 are re-alleged and incorporated as if fully set forth here.

24. Among other transactions, on the dates set forth in the separate counts below, in the Northern District of California and elsewhere, the defendants,

JOHN HOLDAWAY and
KEVIN KYES,

did knowingly engage in a monetary transaction by and through a financial institution, in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, as set forth below, such funds having been derived from the specified unlawful activity of wire fraud:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 21 | 6/28/2013 | Transfer of $12,500 from Wells Fargo MMS Fund account to MM Systems account |
| 22 | 6/28/2013 | Deposit of cashier's check of $12,500 from Wells Fargo MMS Fund account to HOLDAWAY's personal Chase Bank account |
| 23 | 8/30/2013 | Deposit of cashier's check of $15,000 from Wells Fargo MMS Fund account to HOLDAWAY's personal Chase Bank account |
| 24 | 7/9/2014 | Transfer of $37,500 from Wells Fargo MMS Fund Star account to MM Systems account |
| 25 | 7/9/2014 | Deposit of cashier's check of $37,500 from Wells Fargo MMS Fund Star account to HOLDAWAY's personal Chase Bank account |

Each in violation of Title 18, United States Code, Section 1957.

INDICTMENT            7

<u>FORFEITURE ALLEGATION:</u>     (18 U.S.C. §§ 981(a)(1)(C), 982(a), & 28 U.S.C. § 2461(c) – Criminal Forfeiture)

25.     All of the allegations contained in this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461(c).

26.     Upon a conviction for the offenses alleged in Counts One through Nineteen of this Indictment, the defendants,
JOHN HOLDAWAY and
KEVIN KYES,
shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c) all property constituting, and derived from, proceeds the defendants obtained directly and indirectly as the result of those violations, including but not limited to a forfeiture money judgment of not less than $6,900,000, representing the amount of proceeds obtained as a result of the offenses and scheme to defraud alleged in Counts One through Fourteen.

27.     Upon a conviction for the offenses alleged in Counts Twenty through Twenty-Five of this Indictment, the defendants,
JOHN HOLDAWAY and
KEVIN KYES,
shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) all property involved in such offenses and any property traceable to such property including, but not limited to a forfeiture money judgment.

28.     If any of the aforementioned property, as a result of any act or omission of the defendants –

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third person;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property that cannot be divided without difficulty;

any and all interest the defendants have in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

INDICTMENT                                       8

All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a); Title 28, United States Code, Section 2461(c); and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 6/14/16

A TRUE BILL

*[signature]*
FOREPERSON

BRIAN J. STRETCH
United States Attorney

*[signature]*
PHILIP A. GUENTERT
Deputy Chief, Criminal Division

(Approved as to form: *[signature]* )
AUSA KINGSLEY

INDICTMENT                               9