UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>KEVIN KYES,<br><br>       Defendant. | Case No.  16-cr-0250-SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On April 17, 2018, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning April 30, 2018.  All parties were represented by counsel.  The following matters were resolved:

**1.**  **Presence of defendant Kyes waived:**  According to his counsel, defendant Kyes had a flat tire on his way to court and was stuck in Roseville, CA.  Counsel requested that Kyes's appearance be waived.  Counsel for the government did not oppose the request.  The court contacted defendant Kyes by telephone and, after discussion, he joined in the request.  The Court ordered counsel for defendant Kyes to call him after the conference to inform him what happened. Accordingly, Kyes's appearance is WAIVED.

**2.**  **Trial schedule:**  The parties expect that the case will take 4-6 days to complete witness testimony.  The Court discussed with counsel the need to complete the trial by May 14, 2018, which both counsel expect to pose no problem.  The Court will hear this trial Monday through Friday the week of April 30, 2018, and Monday through Thursday the week of May 7, 2018. The trial day will run from 8:30 a.m. until 4:30 p.m., with a 15 minute break at 10:00 a.m., a

30 minute break at noon and a 15 minute break at 2:45 p.m., all times approximate.

**3.     Number of jurors and challenges:**  There will be a jury of twelve members, plus 2 alternate jurors.  The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

**4.     Voir dire:**  The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings.  Counsel for each side shall have up to 15 minutes total to question the panel.  The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; this statement shall be provided to the Court **by Friday, April 27, 2018.**

**5.     Jury instructions:**  The Court received proposed jury instructions from the government and from defendant.  The Court will review same and undertake to inform counsel prior to closing argument which substantive instructions will be given.

**6.     Trial exhibits:**  No later than Thursday, April 26, 2018, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit, or in boxes for voluminous exhibits.  The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses) and the defendant with one set.

**7.     Motions in limine:**  The government filed a motion in limine regarding other acts evidence, which defendant opposed. The government seeks the Court's ruling as to the admissibility of: "(1) evidence that defendant Kevin Kyes and/or his co-conspirator John Holdaway owed money to prior investors and creditors at the time that they conspired and devised and executed their scheme to defraud; (2) evidence that Kyes and Holdaway were in financial

2

distress at that same time; and (3) evidence that Kyes and Holdaway attempted to raise money from other investors in 2015 and into 2016 with the same false promises that they had made to the lead group of Japanese investors" that are the subject of the indictment in this case. *See* Dkt. No. 84 at 1.

After consideration of the arguments made in the briefs and at the pretrial conference, the Court **GRANTS IN PART** the government's motion. The Court finds that the above evidence is not barred by Federal Rule of Evidence 404 because the evidence shows "the existence of a scheme to defraud," goes to show motive, and/or is inextricably intertwined with the charged offenses. *See generally United States v. Loftis*, 843 F.3d 1173 (9th Cir. 2016); Fed. R. Evid. 404. However, the risk of unfair prejudice outweighs the probative value under Rule 403 as to certain exhibits that the government attaches to its motion. *See* Fed. R. Evid. 304. For this reason, the Court **DENIES** the government's motion to admit the April 23, 2013 TransAmerica settlement letter (Exhibit 4 at 4-5). The Court **DENIES** the government's motion to admit the July 2007 emails with Julie Reynolds (Exhibit 2 at 6), without prejudice to renewal once the government redacts the emails as discussed at the pretrial conference.

The Court's ruling today on the motion in limine is made without prejudice to the defendant raising other objections at the time of trial.

**8.    Other Matters:** The government requested, without objection, that both of its case agents be permitted attend the trial at counsel table. The request is GRANTED. The Court will attempt to provide an Elmo projection device for trial. The parties will attempt to agree to a stipulation concerning the identities of Kyes's and Holdaway's creditors.

Dated:  April 17, 2018

_____
SUSAN ILLSTON
United States District Judge