1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 UNITED STATES OF AMERICA,                  Case No. 16-cr-00250-SI-1

8                        Plaintiff,

**ORDER DENYING MOTION FOR**
9            v.                              **COMPASSIONATE RELEASE**

10 KEVIN KYES,                               Re: Dkt. No. 172

11                        Defendant.

12

13        Defendant Kevin Kyes has filed a motion for compassionate release, pursuant to 18 U.S.C.

14 § 3582(c)(1)(A).  Dkt. No. 172 ("Mot.").  The government opposes, and Kyes has filed a reply brief.

15 Dkt. No. 173 ("Opp'n"); Dkt. No. 177.  For the reasons set forth below, the Court DENIES

16 defendant's motion.

17

18                                **BACKGROUND**

19        On May 8, 2018, a jury found Kyes guilty of one count of conspiracy to commit wire fraud,

20 in violation of 18 U.S.C. § 1349; seventeen counts of wire fraud, in violation of 18 U.S.C. § 1343;

21 one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and two

22 counts of money laundering, in violation of 18 U.S.C. § 1957.  Dkt. No. 128.  On October 5, 2018,

23 the Court sentenced Kyes to sixty months imprisonment, followed by a three-year term of supervised

24 release.  Dkt. No. 144.  Kyes appealed, and on January 8, 2020, the Ninth Circuit affirmed Kyes's

25 conviction.  Dkt. No. 168.

26        Kyes was ordered to self-surrender on January 4, 2019, meaning he has currently served

27

28

United States District Court
Northern District of California

1    approximately seventeen months of his sentence. *See id.* at 2; Mot. at 12.[1]  He is presently housed

2    at Federal Medical Center ("FMC") Butner, with an estimated release date of April 7, 2023.[2]  *See*

3    https://www.bop.gov/inmateloc/, Register Number 23512-111 (last visited June 8, 2020).

4

5                                                    **LEGAL STANDARD**

6          As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides:

7          [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant
           after the defendant has fully exhausted all administrative rights to appeal a failure of
8          the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30
           days from the receipt of such a request by the warden of the defendant's facility,
9          whichever is earlier, may reduce the term of imprisonment . . . after considering the
           factors set forth in section 3553(a) to the extent that they are applicable, if it finds
10         that –

11         (i) extraordinary and compelling reasons warrant such a reduction

12         . . .

13         and that such a reduction is consistent with applicable policy statements issued by
           the Sentencing Commission.

14   18 U.S.C. § 3582(c)(1)(A).[3]

15                                                      **DISCUSSION**

16         Kyes asserts that he shown "extraordinary and compelling" reasons for compassionate

17   release because his age (71) and his underlying medical conditions make him particularly vulnerable

18   to severe illness from COVID-19.  Defendant cites to the Probation presentence report, which

19   describes Kyes as having diabetes, a cardiac condition, hypertension, and pre-glaucoma.  Mot. at 5

20   n.1.  He also cites his recent diagnosis of prostate cancer, which necessitated his transfer from FCI

21   Lompoc to FMC Butner. *Id.* at 5.  Defendant states the COVID-19 pandemic is creating problems

22

23   _____

24         [1] Unless otherwise noted, page citations are to the ECF-branded page numbers located at the
     upper righthand corner of the page.

25
           [2] Defendant's motion states that he is housed at FCI Butner, but the exhibit defendant
26   attaches, the BOP's webpage, the government's opposition, and defendant's reply all state that
     defendant is actually at FMC Butner.

27
           [3] Subsection (ii) of the statute provides a separate avenue for sentence reductions for
28   prisoners who are at least 70 years of age and who meet other conditions not applicable here. *See*
     18 U.S.C. § 3582(c)(1)(A)(ii).

                                                              2

United States District Court
Northern District of California

United States District Court
Northern District of California

1    preventing the federal prison system from being able to shield inmates from the virus and that there

2    is accordingly a public health need to rapidly reduce the inmate population.  Defendant requests that

3    the Court reduce his sentence to time served or, alternatively, to "modify[] his term of supervised

4    release to include home detention for the period of time equal to the remaining term of incarceration

5    . . . ." *Id.* at 13.  The government objects on numerous grounds.

6         The Court has carefully considered the parties' papers and the record in this case and

7    concludes that Kyes has not shown that relief is warranted.  As a threshold matter, there are questions

8    as to whether Kyes properly exhausted his administrative remedies as required by the statute.  The

9    parties both agree that exhaustion is required but disagree as to whether Kyes has in fact exhausted

10   administrative remedies.  *See* Dkt. No. 172 at 6; Dkt. No. 173 at 4-10.  Kyes attaches an April 15,

11   2020 email from his counsel to the Warden in which counsel "write[s] to urge you to release my

12   client, Kevin Kyes, to home confinement immediately, pursuant to the directive issued April 3, 2020

13   by Attorney General William Barr."  Dkt. No. 172-1 at 1.  The government also attaches a BOP

14   form completed by defendant and dated April 9, 2020.  Dkt. No. 173-2 at 3.  That form states, in

15   relevant part:

> I would like to be considered for a Reduction in Sentence (RIS).  I meet the
> qualifications listed under: (circle one) Terminal Medical Condition, Debilitated
> Medical Condition, Elderly with Medical Conditions.

18   *Id.*  The term "Elderly with Medical Conditions" is circled on the form.  *Id.*  Neither counsel's April

19   15 email nor defendant's April 9 form cite the compassionate release statute or expressly request

20   that the BOP bring a motion for compassionate release on Kyes's behalf.

21        Even assuming, however, that Kyes has exhausted his administrative remedies, the Court

22   finds compassionate release is not appropriate at this time.   Before granting a motion for

23   compassionate release, the Court must "consider[] the factors set forth in [18 U.S.C.] section 3553(a)

24   to the extent that they are applicable . . . ."  18 U.S.C. § 3582(c)(1)(A).  Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of
> the defendant;
>
> (2) the need for the sentence imposed--
>
>     (A) to reflect the seriousness of the offense, to promote respect for the law,
>     and to provide just punishment for the offense;

1

2

                          (B) to afford adequate deterrence to criminal conduct;

                          (C) to protect the public from further crimes of the defendant;

3

  . . .

18 U.S.C. § 3553(a); *see also* U.S.S.G. § 1B1.13(2) (Sentencing Commission policy statement applicable to compassionate release, requiring the defendant not pose "a danger to the safety of any other person or to the community . . . .").

       Given the weight of the evidence introduced at trial and the crimes for which the jury convicted Kyes, the Court finds the Section 3553(a) factors weigh against Kyes's immediate release. As described in the presentence report, Kyes and his co-defendant engaged in a "Ponzi-style" scheme that raised $7 million from investors and that at sentencing resulted in restitution owed of nearly $3.7 million. Dkt. No. 132 at 6-7; Dkt. No. 144 at 6. The Court concurs with the government's view that throughout Kyes's trial and at his allocution at sentencing, Kyes never expressed remorse for his conduct or even showed awareness of having done anything wrong. Kyes's motion for compassionate release provides no assurances in this regard. He states only that he has shown "by his lack of violations of prison rules and regulations that he no longer threatens public safety, and that granting him/her compassionate release would not endanger the community." *See* Mot. at 12. But Kyes's conduct in this case was never of a violent nature; rather, his scheme was one of financial fraud, carried out in large part over email communications, which Kyes would be able to engage in again if released. Indeed, many of the wire fraud convictions in this case were based on emails between Kyes and his co-defendant. *See* Dkt. No. 128.

       Recently, Judge Chesney of this District denied a motion for compassionate release based in part on a finding that the Section 3553(a) factors continued to weigh against the defendant's release. Judge Chesney opined, "Although, as defendant points out, he did not engage in violent crime, his release after less than a year of his five-year sentence would neither serve as an adequate deterrent nor provide adequate protection to the public. In particular, defendant perpetrated, over an extended period of time, a complex fraudulent scheme that caused a large number of investors to suffer severe financial loss, which losses totaled 'between $25 million and $65 million' (see Plea Agreement ¶ 2), and for many of said victims resulted in their losing their entire savings and homes." *United States*

United States District Court
Northern District of California

4

*v. Catledge*, No. 12-cr-678-MMC, 2020 WL 1899401, at *3 (N.D. Cal. Apr. 16, 2020).  Likewise here, where Kyes has served less than 30% of his sentence and has not expressed remorse for his conduct, the Court finds little assurance at the present time that Kyes's conduct would not be repeated in the future.  In short, the nature and circumstances of the offense, the need to afford adequate deterrence, and the need to protect the public from further crimes of the defendant weigh against the granting of Kyes's motion.

The Court is concerned about the state of Kyes's health.  He has a number of medical conditions, not least of which is his recent cancer diagnosis.  At present, however, the medical documentation the government submitted with its brief, *see* Opp'n, Ex. 1 (filed under seal), shows that Kyes is receiving regular medical care at FMC Butner with various specialists, that he recently completed radiation therapy, and that he has started on an 18-month course of Lupron therapy for his cancer.  Defendant explains that he was transferred to FMC Butner precisely because of his increased medical needs after his cancer diagnosis, and he does not argue that FMC Butner is not able to meet his current medical needs.  Although the Court will deny Kyes's motion today, this denial will be without prejudice to further requests, should circumstances change in the future.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for compassionate release, without prejudice.

**IT IS SO ORDERED**.

Dated:  June 8, 2020

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

5